COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


KEITH M. ELLIS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0457-05-4                      JUDGE RUDOLPH BUMGARDNER, III
                                                            APRIL 18, 2006
COMMONWEALTH OF VIRGINIA


                     FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                                   Joanne F. Alper, Judge

              Lynndolyn T. Mitchell (Tomlinson & Associates, on brief), for
              appellant.

              Donald E. Jeffrey, III, Assistant Attorney General (Judith Williams
              Jagdmann, Attorney General, on brief), for appellee.


        A jury convicted Keith M. Ellis of possession of a firearm by a felon, Code § 18.2-308.2,

carrying a concealed weapon, Code § 18.2-308, and two counts of felony brandishing a firearm,

Code § 18.2-282.  He appeals the denial of his motion to sever the charge of possession of a

firearm by a felon from the charges of brandishing a firearm.[1]  Concluding the trial court did not

err, we affirm.

        All charges against appellant arose out of an incident on February 22, 2004, when cars

driven by the defendant and Patricio Baez passed a parking lot.  The defendant began to curse

and yell angrily and pointed a gun at Baez and his passenger.  At trial, the defendant denied

pointing a gun but admitted having one in his car.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant did not move to sever the concealed weapon charge from the
felon-in-possession and brandishing charges.

After the defendant's initial motion to sever the trials, the Commonwealth amended the possession of a firearm by a felon indictment to charge the defendant had previously been convicted of a violent felony as defined in Code § 17.1-805. At trial, the Commonwealth introduced proof of three previous convictions: carrying a concealed weapon, a misdemeanor, Code § 18.2-308; brandishing a weapon, a misdemeanor, Code § 18.2-282; and possession of a firearm by a felon, a felony, Code § 18.2-308.2.

The amended charge of possession of a firearm after conviction of a violent felony required proof that the defendant had been convicted of a violent felony. Code § 17.1-805 defines that to include a violation of Code § 18.2-308.2. The two counts of felony brandishing a firearm required proof that the defendant had twice been convicted of a violation of an offense in Article 4, 5, 6 or 7 of Chapter 7 of Title 18.2. Those articles encompass Code § 18.2-308.2. The evidence required to prove the possession charge was also required to prove the brandishing charges.

Cheng v. Commonwealth, 240 Va. 26, 33-34, 393 S.E.2d 599, 603 (1990) held:

> A court may direct that an accused be tried at one time for all offenses pending against him if (1) "justice does not require separate trials," Rule 3A:10(b), and (2) "the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan," Rule 3A:6(b). Whether different offenses should be tried separately is a matter that rests within the sound discretion of a trial court.

The evidence of the defendant's prior conviction of possession of a firearm by a felon, Code § 18.2-308.2, was admissible to prove both the brandishing and the possession charges. The defendant could suffer no prejudice because the same evidence would have been admissible had there been separate trials. The trial court did not abuse its discretion by trying the charges together. Accordingly, we affirm.

Affirmed.